# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1154V
### (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| LLOYD MAKSTELL *and* NADINE MAKSTELL WHITSETT, *as Legal Representative of the Estate of* EDWARD B. MAKSTELL, *Deceased*, | \* \* \* \* \* | |
| Petitioners, | \* \* | Special Master Corcoran |
| | \* | Filed: February 26, 2018 |
| v. | \* \* | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* | Decision by Stipulation; Damages; Influenza ("Flu") Vaccine; Encephalopathy; Death. |
| Respondent. | \* \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Otwell Sayers Rankin*, B. Dahlenburg Bonar P.S.C, Covington, KY, for Petitioner.

*Ryan Daniel Pyles*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On September 16, 2016, Lloyd Makstell and Nadine Makstell Whitsett filed a petition, on behalf of Edward Makstell, deceased, seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioners allege that Mr. Makstell suffered from encephalopathy and related sequelae as a result of his September 18, 2013, influenza ("flu") vaccine, which ultimately led to his death.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Respondent denies that the flu vaccine caused Mr. Makstell's encephalopathy or his death. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on February 26, 2018) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $200,000.00, in the form of a check payable to Petitioners, as legal representatives of the Estate of Edward B. Makstell.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

LLOYD MAKSTELL and NADINE
MAKSTELL WHITSETT, as Legal
Representatives of the Estate of EDWARD B.
MAKSTELL, Deceased,

Petitioners,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

Respondent.

No. 16-1154V
Special Master Brian H. Corcoran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of the Estate of Edward B. Makstell (Mr. Makstell), Nadine Makstell Whitsett and Lloyd Makstell (petitioners) filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Mr. Makstell's receipt of the influenza (flu) vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Makstell received the flu vaccine on or about September 18, 2013.

3. The vaccine was administered within the United States.

4. Petitioners allege that the flu vaccine caused Mr. Makstell to develop an encephalopathy and related sequelae; that he experienced residual effects of this injury for more than six months; and that this injury significantly contributed to his death on October 30, 2015.

1

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of the Estate of Edward B. Makstell, as a result of Mr. Makstell's alleged injury and/or death.

6. Respondent denies that the flu immunization caused Mr. Makstell's alleged injury and/or any other injuries. Respondent further denies that the flu immunization contributed to, or resulted in, Mr. Makstell's death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$200,000.00** in the form of a check payable to petitioners, as legal representatives of the Estate of Edward B. Makstell. This amount represents all compensation for damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

2

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as legal representatives of the Estate of Edward B. Makstell, under the laws of the State of Kentucky. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as legal representatives of the Estate of Edward B. Makstell. If petitioners are not authorized by a court of competent jurisdiction to serve as legal representatives of the Estate of Edward B. Makstell at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative(s) of the Estate of Edward B. Makstell, upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and as legal representatives of the Estate of Edward B. Makstell, on behalf of themselves, the Estate, and Mr. Makstell's heirs, executors, administrators, successors and/or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury

3

Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Makstell resulting from, or alleged to have resulted from, the flu vaccine administered on or about September 18, 2013, as alleged by petitioners in a petition for vaccine compensation filed on or about September 16, 2016, in the United States Court of Federal Claims as petition No. 16-1154V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Makstell's alleged injury and/or any other injury or his death; or that Mr. Makstell's death occurred as a result of a vaccine-related injury.

17. All rights and obligations of petitioners hereunder shall apply equally to petitioners'

4

heirs, executors, administrators, successors, and/or assigns as legal representative(s) of the Estate of Edward B. Makstell.

## END OF STIPULATION

Respectfully submitted,

PETITIONERS:

_Nadine Makstell Whitsett_
NADINE MAKSTELL WHITSETT

_Lloyd Makstell_
LLOYD MAKSTELL

ATTORNEY OF RECORD FOR
PETITIONERS:

_Otwell Rankin_
OTWELL S. RANKIN
B. DAHLENBURG BONAR, P.S.C.
3611 Decoursey Avenue
Covington, Kentucky 41015
(859) 431-3333

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_Catharine E._
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_Narayan Nair_
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_Ryan D. Pyles_
RYAN D. PYLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847

Dated: 2/26/18

6